UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MIGUEL GARCIA, individually and on behalf of all others similarly situated

Plaintiff,

v.

INTERSTATE PLUMBING & AIR CONDITIONING, LLC, a Nevada Limited Liability Company; JAMES P. MANNING, an individual; TIMOTHY SLATTERY, an individual; ALAN CARDUCCI, an individual; DOES I-X; and ROE CORPORATIONS, COMPANIES and/or PARTNERSHIPS, inclusive,

Defendants.

2:10-cv-410-RCJ-RJJ

**ORDER**

Currently before the Court are Plaintiff's Motion for Circulation of Notice of Pendency (#16); Defendants' Motion for Partial Judgment on the Pleadings (#19); and Plaintiff's Motion for Leave to File Amended Complaint (#25). The Court heard oral argument on these motions on January 21, 2011.

**BACKGROUND**

Defendants Interstate Plumbing & Air Conditioning, LLC ("Interstate Plumbing"), James P. Manning, Timothy Slattery, and Alan Carducci (collectively "Defendants") filed a petition of removal from state court to federal court. (Pet. for Removal (#1)). They attached the complaint filed by Miguel A. Garcia ("Plaintiff")[1] on behalf of himself and all others similarly situated. (Complaint (#1-1) at 8). The complaint stated that it was a class action complaint.

---

[1] Plaintiff is formerly known as Jose Garcia. (See CM/ECF caption; see Complaint (#1-1) at 1).

1  (*Id.* at 7).

2  The complaint asserted the following. Plaintiff was seeking overtime wages, prevailing wages, denied meal and rest period pay, and penalties for failing to comply with wage statement provisions under the Nevada Revised Statutes and the Fair Labor Standards Act ("FLSA"). (*Id.* at 8). Defendants operated a business that provided heating, ventilating, and air conditioning ("HVAC") and plumbing services for residential and commercial construction projects in Nevada, Arizona, California, and/or Utah. (*Id.* at 9). Defendants had a "uniform and widespread policy and procedure to employ documented/undocumented aliens as laborers without premium overtime pay, prevailing wage, and/or denied meal and rest period compensation, and in so doing . . . fail[ed] to pay overtime and prevailing wages." (*Id.* at 10). Plaintiff was an air conditioning installer who "regularly worked hours in excess of forty hours per week, and was subjected to Interstate Plumbing's unlawful policies during the relevant time period." (*Id.*). Defendants used a "piecework no overtime" compensation system such that employees were paid a certain amount for each "piece" of work they performed pursuant to a schedule. (*Id.* at 12). Plaintiff and other employees were not paid time and one-half their regular hourly rate for work in excess of forty hours a week. (*Id.*). Defendants falsely listed certain hours and compensation on Plaintiff's and other employees' pay stubs, "such listings being inaccurate in terms of hours actually worked and not reflecting any attempt to pay time and one-half the employees' 'regular rate' as required by the FLSA." (*Id.* at 13). "Defendants concocted a false payroll record as to overtime pay and hours worked that had no relationship to the overtime hours actually worked or the actual payment of overtime." (*Id.*).

Plaintiff sought to bring a collective action, under the FLSA, for others that had "substantially similar job requirements and pay provisions, and were/are subject to Defendants' common practice, policy, or plan of unlawfully characterizing [them] as exempt employees and refusing to pay them overtime." (*Id.* at 19). Plaintiff alleged that there were "numerous similarly situated current and former employees of Defendants who [had] been denied overtime pay in violation of the FLSA." (*Id.* at 20).

The complaint alleged the following: (1) First Cause of Action against all Defendants

under NRS § 608.018; (2) Second Cause of Action against all Defendants for Restitution of Overtime Wages (NRS § 608.018); (3) Third Cause of Action against all Defendants for Restitution of Overtime Wages under the FLSA; (4) Fourth Cause of Action against all Defendants under NRS § 608.018; (5) Fifth Cause of Action against all Defendants for Restitution of Overtime Wages under the FLSA;  (6) Sixth Cause of Action against all Defendants for Failure to Provide Meal Breaks (NRS § 608.019); (7) Seventh Cause of Action against all Defendants for Failure to Provide Rest Breaks (NRS § 608.019); (8) Eighth Cause of Action against all Defendants for Illegal Record Keeping (NRS § 608.115); (9) Ninth Cause of Action against all Defendants for Conversion; (10) Tenth Cause of Action against all Defendants under NRS § 608.018 and NRS § 338.020; (11) Eleventh Cause of Action against Defendants for Violation of FLSA;  (12) Twelfth Cause of Action for Injunctive Relief; (13) Thirteenth Cause of Action against all Defendants for Declaratory Relief; and (14) Fourteenth Cause of Action against Interstate Plumbing for Tortious Discharge. (*Id.* at 20-31).

## DISCUSSION

### I. Motion for Circulation of Notice of the Pendency of this Action (#16)

Plaintiff files a motion to circulate notice of the pendency of this lawsuit, pursuant to 29 U.S.C. § 216(b), to persons similarly situated to himself. (Mot. for Circulation (#16) at 2). He also seeks to toll the statute of limitations for such persons to join the action while this motion is pending. (*Id.*). Plaintiff explicitly states that his motion "only requests the circulation of a notice of pendency" under § 216(b) and notes that he is not making a request for a Fed. R. Civ. P. 23 class certification. (*Id.* at 3). Plaintiff seeks notice for all persons who: (a) worked as a residential HVAC installer, residential plumbing installer, and/or residential HVAC service provider for Interstate Plumbing in the three years prior to the filing of this action; (b) in Nevada; (c) were paid on a "piecework" compensation system and did not receive pay as required by the FLSA; (d) did not receive minimum wage as required by the FLSA; (e) who worked in excess of 40 hours per week and did not receive overtime as required by the FLSA; or (f) did not receive prevailing wages as required by the FLSA. (*Id.* at 11).

3

1    In support of his motion, Plaintiff attached his affidavit and asserted the following. (Pl.'s Aff. (#16-1)). Plaintiff worked on and off at Interstate Plumbing for the last eleven years. (*Id.* at 3). Three years before filing this case, Plaintiff worked as a residential HVAC installer exclusively for Interstate Plumbing. (*Id.*). Three years before filing his case up until October 12, 2009, Interstate Plumbing paid Plaintiff and other HVAC residential installers on a piece rate pay, whereby they were paid a certain set amount for each installation that they performed. (*Id.*). The amount of piece rate pay was determined by a rate per installation. (*Id.*). Interstate Plumbing continued to pay its residential HVAC installers piece pay after October 12, 2009. (*Id.*). As a residential HVAC installer, Plaintiff worked "a lot more than 40 hours a week almost every week" when he worked there. (*Id.*). He worked "over 8 hours almost every day" and "usually worked six days a week." (*Id.*). Other HVAC residential installers worked "a lot more than 40 hours a week almost every week they worked there," "worked over 8 hours almost every day," and "worked six days a week." (*Id.* at 4). Other residential plumbing installers and residential HVAC service providers worked a lot more than 40 hours a week and more than 8 hours a day and did not get paid overtime. (*Id.*). Interstate Plumbing did not pay Plaintiff overtime for the time that he worked over 40 hours a week or more than 8 hours a day. (*Id.*). Plaintiff attached two of his weekly pay stubs and asserted that Interstate Plumbing changed his hours to under 40 hours even though he worked "a lot more than 40 hours" those weeks. (*Id.*). Interstate Plumbing never asked Plaintiff to fill out start/stop time sheets. (*Id.*). Other HVAC residential installers did not fill out those sheets either. (*Id.*). Interstate Plumbing did not fill out those time sheets for other HVAC residential installers. (*Id.*). Interstate Plumbing also deducted a "tool" amount from him and other HVAC residential installers' pay. (*Id.* at 4-5). Interstate Plumbing changed Plaintiff's and other HVAC residential installers' hours on pay checks to make them looked like they worked less hours. (*Id.* at 5).

Plaintiff's affidavit asserted that David Garcia worked with Plaintiff as a residential HVAC installer. (*Id.*). David Garcia was not paid overtime when he worked over 40 hours and sometimes did not receive minimum wage. (*Id.* at 5, 9). David Garcia's pay stub stated that

4

he worked 72 hours one week, received no overtime pay, and was paid $2.70/hour. (*Id.* at 5). Residential plumbing installers and residential HVAC service providers worked over 40 hours a week and did not get paid overtime. (*Id.*). Interstate Plumbing had "a policy not to pay overtime, prevailing wage, and sometimes minimum wage to residential HVAC installers, plumbing installers, and HVAC service providers." (*Id.* at 6).

Defendants respond that the putative class members are not similarly situated to Plaintiff because Plaintiff was not a residential plumbing installer or residential HVAC service provider. (Opp. to Mot. for Circulation (#20) at 6, 8). They assert that residential service providers were paid by an hourly wage and corresponding overtime pay and that residential plumbing installers were predominantly paid by an hourly wage but, in the last two years, have moved toward piecework rate. (Aff. of Alan Carducci (#20-1) at 5). Defendants also argue against tolling the statute of limitations during the pendency of this motion. (Opp. to Mot. for Circulation (#20) at 14).

The FLSA permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Employees must opt-in to the litigation because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The requirements for class action certification under Fed. R. Civ. P. 23(a) do not apply to claims arising under the FLSA. *See Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977) (*overruled on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).

To certify a FLSA collective action, the court must evaluate whether the proposed lead plaintiff(s) and collective action group are similarly situated for purposes of § 216(b). *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). The FLSA does not define the term "similarly situated" and the Ninth Circuit has not yet addressed the issue. However, a number of courts, including this one, have adopted a two-tiered approach for determining whether potential plaintiffs are "similarly situated" for purposes of a collective action.

At the first stage, or notice stage, the court "must first decide, based primarily on the

pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Leuthold*, 224 F.R.D. at 467. This initial determination is made "under a fairly lenient standard and typically results in conditional class certification." *Id.* At this stage, a plaintiff only needs to make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995).

The second stage occurs once discovery is complete and the case is ready to be tried. *Leuthold*, 224 F.R.D. at 467. At this stage, "the party opposing class certification may move to decertify the class." *Id.* The court must make a factual determination regarding the propriety and scope of the class and must consider the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.* If the court determines on the basis of a complete factual record that the plaintiffs are not similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Id.*

In this case, Plaintiffs have made substantial allegations that residential HVAC installers, like himself, were subjected to Interstate Plumbing's policy of not paying overtime, prevailing wage, or minimum wage to Interstate Plumbing's residential HVAC installers. (*See* Pl's Aff. (#16-1) at 3, 6). However, Plaintiff has failed to demonstrate that he was similarly situated to Interstate Plumbing's residential plumbing installers or residential HVAC service providers. As demonstrated by Carducci's affidavit, residential HVAC service providers were paid by an hourly rate including time and a half and not by a piece work rate. (*See* Aff. of Alan Carducci (#20-1) at 5). Additionally, Plaintiff was never a residential plumbing installer and would not be similarly situated to those individuals. Accordingly, this Court permits a notice of pendency for residential HVAC installers only.

With respect to tolling, the Court denies Plaintiff's request to toll the statute of limitations pending the resolution of this motion. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp.2d 1129, 1136-37 (D. Nev. 1999) (holding that "[b]ecause all potential plaintiffs to § 216(b) actions

must file their consent to the suit to toll the statute of limitations, there is no time or resource saving concerns which would justify tolling the statute of limitations from the time the Complaint is filed in a § 216(b) action until some formal 'certification' decision is made").

### A. Notice

Plaintiff asks this Court to approve the proposed notice of pendency attached to the motion to circulate. (*See* Proposed Notice (#16-2); *see* Mot. for Circulation (#16) at 12). Plaintiff requests the following notice provisions: (a) that there be a period of 120 days for additional plaintiffs to join the litigation after circulation of notice; (b) that Defendants provide Plaintiff with the names, last known addresses, last known phone numbers and email addresses of all persons who performed labor at Interstate Plumbing as residential HVAC installers in the three years prior to filing this action to the present; (c) that notice of pendency and consent be conspicuously posted in all of the Defendants' places of business for their residential HVAC installers for a 90-day period in both Spanish and English; (d) Defendants be required to email the notice and consent to all persons who worked as residential HVAC installers at Interstate Plumbing the prior three years; (e) that Defendants publish notice and consent in the next three issues of their employee newsletters, if any; and (f) that Plaintiff be permitted to mail the notice and consent to all persons who performed labor at Interstate Plumbing as residential HVAC installers the three years prior to the filing of this action. (Mot. for Circulation (#16) at 12-13).

Defendants contend that, if the motion is granted, the notice must be modified to only those individuals similarly situated to Plaintiff, the notice period should only be 45-days long, the section about a person's immigration status is unclear and inaccurate, the fees section should include a more detailed explanation of costs, Defendants do not have a newsletter and should not have to post the notice for 90-days if the opt-in period is shorter, and the Court should limit employees' personal information to use in this litigation only. (Opp. to Mot. for Circulation (#20) at 13-14).

As an initial matter, Plaintiff's notice request seeks to inform residential HVAC installers, residential plumbing installers, and residential HVAC service providers of the litigation. (Mot.

for Circulation (#16) at 13). Because Plaintiff is only similarly situated to residential HVAC installers, the notice may only address residential HVAC installers as a putative class.

With respect to the notice period, the Court grants a 90-day period from the circulation of the notice of pendency for potential plaintiffs to opt in.

The Court grants Plaintiff's request that Defendants provide the names, last known addresses, last known phone numbers and email address of all persons who worked as residential HVAC installers for Interstate Plumbing in the three years prior to the filing this action.

The Court denies Plaintiff's request that the notice of pendency and consent form be: (a) conspicuously posted in all of Defendants' places of business for their residential HVAC installers and (b) published in Defendants' employee newsletters.

The Court grants Plaintiff's request that he be permitted to mail the notice and consent to all persons who worked as a residential HVAC installer for Interstate Plumbing three years prior to the filing of this action.

The Court denies Plaintiff's request that *Defendants* be required to email the notice and consent to all persons who worked as a residential HVAC installer for Interstate Plumbing. See *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 989 (C.D. Cal. 2006) (stating that, under § 216(b), the court may authorize *plaintiffs* to send notice to all potential plaintiffs).

With respect to the remaining contested provisions in Plaintiff's proposed notice of pendency, the Court orders the parties to confer in good faith in an effort to arrive at a mutually acceptable form of notice regarding the language for the immigration status and attorneys' fees and costs. See *Lucas v. Bell Trans*, 2010 WL 3895924, *5 (D. Nev. 2010) (Judge Johnston ordering the same after granting Plaintiffs' motion to circulate a notice of pendency). Additionally, the Court grants Plaintiff's request that the notice be in both English and Spanish. Accordingly, the Court grants in part and denies in part Plaintiff's Motion for Circulation of Notice of Pendency (#16).

II. **Defendants' Motion for Partial Judgment on the Pleadings (#19)**

Defendants move for judgment on the pleadings as to Plaintiff's state statutory causes

of action on grounds that NRS §§ 608.018. 608.019, 608.115, and NRS § 338, *et seq.* do not provide for private rights of action because they are enforced by the Nevada Labor Commissioner. (Mot. for Partial Judgment (#19) at 1-2).

In response, Plaintiff concedes that NRS §§ 608.115 and 608.019 do not provide for private causes of action and does not challenge a judgment on the pleadings with respect to those claims. (Response to Mot. for Partial Judgment (#24) at 3). Plaintiff argues that NRS § 608.018 and NRS § 338, *et seq.* do provide for private causes of action. (*Id.*). At oral argument, Plaintiff argued that NRS § 608.115 did provide for a private cause of action pursuant to *Fetrow-Fix v. Harrah's Entertainment, Inc.*, No. 2:10-cv-560-RLH-PAL, 2010 WL 4774255 (D. Nev. Nov. 16, 2010).

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is appropriate when, taking all the factual allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Thus, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, to survive a Rule 12(c) motion, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

In *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96 (Nev. 2008), the Nevada Supreme Court addressed the circumstances in which a statutory cause of action could be implied. *Id.* at 100. "Whether a private cause of action can be implied is a question of legislative intent." *Id.* at 100-01. To ascertain the Nevada Legislature's intent in the absence of plain, clear language, the court examines the entire statutory scheme, reason, and public policy. *Id.* at 101. The court examines three factors: (1) whether the plaintiffs are "of the class for whose special benefit the statute was enacted"; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such

a remedy is consistent with the underlying purposes of the legislative scheme. *Id.* (quotations and alterations omitted). The determinative factor is "always whether the Legislature intended to create a private judicial remedy." *Id.* Without this intent, "a cause of action does not exist and the courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.*

Under factor one, the court determines whether the Legislature intended to confer a right on employees as a class and not whether plaintiffs would benefit from the statute. *Id.* at 102 n.12. Under factor three, if the Legislature expressly charges an administrative official with enforcing a section of laws, a private cause of action generally cannot be implied. *Id.* at 102. The Nevada Supreme Court recognized that NRS § 608.180 expressly ordered the Nevada Labor Commissioner to enforce NRS §§ 608.005 to 608.195, inclusively. *Id.* (citing NRS § 608.180 which states that "[t]he Labor Commissioner or the representative of the Labor Commissioner shall cause the provisions of NRS 608.005 to 608.195, inclusive, to be enforced").

In this case, Plaintiff concedes that NRS § 608.019 does not provide for a private cause of action. (*See* Response to Mot. for Partial Judgment (#24) at 3). Therefore, the Court dismisses that causes of action. The parties contest whether NRS §§ 608.115, 608.018, and NRS 338 *et seq.* provide for private causes of action.

Section 608.115 provides that "[e]very employer shall establish and maintain records of wages for the benefit of his or her employees." Nev. Rev. Stat. § 608.115(1). In *Fetrow-Fix*, the court explicitly addressed whether NRS § 608.115 provided for a private cause of action. *See* 2010 WL 4774255 at *2. The court found that NRS § 608.115 did. Accordingly, this Court denies Defendants' motion for judgment on the pleadings as to Plaintiff's NRS § 608.115 claims.

Section 608.018 provides:
> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:
>
> (a) More than 40 hours in any scheduled week of work; or

10

(b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

Nev. Rev. Stat. § 608.018(1). Under factor one, the statute does not confer a right on employees as a class, but instead regulates and focuses on the employer's conduct. Under the third and determinative factor, the Nevada Legislature expressly stated that the Labor Commissioner must enforce NRS § 608.018. *See* Nev. Rev. Stat. § 608.180 (providing that the "Labor Commissioner or the representative of the Labor Commissioner shall cause the provisions of NRS 608.005 to 608.195, inclusive, to be enforced"). Accordingly, the Court does not imply a private cause of action under NRS § 608.018 and grants Defendants' motion. *See also Cueto-Reyes v. All My Sons Moving Co. of LV*, No. 2:09-cv-2299-ECR-RJJ, 2010 WL 4683714 (D. Nev. Nov. 10, 2010) (finding that there was no private right of action to bring suit for violations of NRS § 608.018).

Chapter 338 of the Nevada Revised Statutes generally involves public works and planning. *See generally* NRS Chapter 338. Section 338.020 regulates the hourly and daily wage rate for workers under a state contract. *See* Nev. Rev. Stat. § 338.020. Section 338.015 specifically provides that "[t]he Labor Commissioner shall enforce the provisions of NRS 338.010 to 338.130, inclusive." Nev. Rev. Stat. § 338.015(1).

Here, Plaintiff alleges a cause of action under NRS § 338.020. (*See* Complaint (#1-1) at 27). Under factor one, an examination of the chapter does not confer any rights on employees as a class, but instead regulates and focuses on the employer's conduct. Under the third and determinative factor, the Nevada Legislature expressly provided the Labor Commissioner with enforcement of NRS § 338.020. Accordingly, the Court does not imply a private cause of action under NRS § 338.020 and grants Defendants' motion.

In conclusion, Plaintiff has not identified a private cause of action under NRS §§ 608.018, 608.019, or NRS § 338, *et seq.* Accordingly, the Court grants the motion for judgment on the pleadings and dismisses the following claims: (a) First Cause of Action against all Defendants under NRS § 608.018; (b) Second Cause of Action against all Defendants for Restitution of Overtime Wages (NRS § 608.018); (c) Fourth Cause of Action

against all Defendants under NRS § 608.018; (d) Sixth Cause of Action against all Defendants for Failure to Provide Meal Breaks (NRS § 608.019); (e) Seventh Cause of Action against all Defendants for Failure to Provide Rest Breaks (NRS § 608.019); (f) Ninth Cause of Action against all Defendants for Conversion as it relates to NRS § 608.018; (g) Tenth Cause of Action against all Defendants under NRS § 608.018 and NRS § 338.020; (h) Twelfth Cause of Action for Injunctive Relief as it relates to NRS §§ 608.018. 608.019, and NRS § 338, et seq; and (i) Thirteenth Cause of Action against all Defendants for Declaratory Relief as it relates to NRS §§ 608.018. 608.019, and NRS § 338, et seq.

### III. Plaintiff's Motion for Leave to File Amended Complaint (#25)

Plaintiff moves for leave to amend his complaint if this Court grants Defendants' disputed claims or, if necessary, to narrowly define and clarify the class. (Mot. to Amend (#25) at 10). Specifically, Plaintiff requests leave to narrow the class, to include claims arising under the Nevada Deceptive Business Practices Act, breach of contract claims, and to clarify his NRS 608 claims and other statutory claims. (Id. at 11-12). Plaintiff specifically requests leave to amend his complaint in light of the Court's ruling for a partial judgment on the pleadings; to add a claim under NRS § 608.150; to add Albert Vachon as a defendant-employer; and to add claims under the Nevada Deceptive Business Practices Act, NRS Chapter 598. (Reply to Mot. to Amend (#30) at 3).

Pursuant to Fed. R. Civ. P. 15, a party may amend his pleading before trial "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. A court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

In this case, the Court grants Plaintiff leave to amend his complaint with respect to adding Albert Vachon as a defendant and adding claims under the Nevada Deceptive Business Practices Act. However, as discussed above, any amendment to the claims already listed in Plaintiff's complaint would be futile because those statutes do not provide for private

causes of action. Additionally, adding a claim under NRS § 608.150 would also be futile because it does not provide for a private cause of action.[2] Accordingly, the Court grants in part and denies in part Plaintiff's motion to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Circulation of Notice of the Pendency of this Action (#16) is denied in part and granted in part.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Judgment on the Pleadings (#19) is denied in part and granted in part. .

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (#25) is denied in part and granted in part.

DATED: This  4th  day of February, 2011.

United States District Judge

---

[2] Nevada Revised Statute § 608.150 provides for original contractor liability for indebtedness for labor incurred by subcontractor or contractor acting under, by or for the original contractor. Nev. Rev. Stat. § 608.150(1). This statute specifically gives the district attorney the authority to institute civil proceedings against any violating contractor. *Id.* § 608.150(3).